UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

In re:                                                                  Case No. 19-19711-BKC-JKO

DANIEL ALBERTO MARIN,                                Chapter 7

      Debtor.
_____/

**TRUSTEE'S MOTION TO COMPEL TURNOVER OF AND TO COMPEL DEBTOR TO PROVIDE ACCESS TO NON-EXEMPT REAL PROPERTY**

Chapter 7 Trustee, Kenneth A. Welt (the "Trustee"), by counsel, pursuant to 11 U.S.C. §§ 541 and 542 and Fed. R. Bankr. P. 9013, requests the Court enter an order compelling Daniel Alberto Marin (the "Debtor") to turn over the real property located at 11205 W Atlantic Blvd # 102, Coral Springs, FL 33071 (the "Property"), and to provide the Trustee and his professionals with access to the Property

    1.    This case was commenced by the filing of a voluntary Chapter 7 petition on July 22, 2019.

    2.    On August 19, 2019, the Debtor filed his bankruptcy schedules (the "Schedules") [ECF No. 14].  In Schedule "A" – Real Property, the Debtor listed an interest in the Property.

    3.    On Schedule "C" – Exemptions, the Debtor did not exempt his interest in the Property.

    4.    Pursuant to 11 U.S.C. § 541(a), "[t]he commencement of a case under section 301, […] of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held: [….] all legal or equitable interests of the debtor in property as of the commencement of the case".

    5.    Further, according to 11 U.S.C. §542(a), any person "in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title […], shall deliver to the trustee, and account for, such property or the value of such

property, unless such property is of inconsequential value or benefit to the estate." Accordingly, the bankruptcy estate holds an interest in the Property.

6. The Trustee has requested that the Debtor provide the Trustee and his professionals with access to the Property, so that the Trustee can ascertain whether it is in the best interest of the bankruptcy estate to market and attempt to sell the Property, via a short-sale transaction, with a carve-out for the benefit of the estate.

7. The Debtor has failed to respond to this request.

8. Such failure is preventing the Trustee from properly administering this bankruptcy estate.

9. Accordingly, the Trustee respectfully requests that the Court enter an order compelling the Debtor to turn over the Property and to provide the Trustee and his professionals with access to the Property.

WHEREFORE, the Trustee respectfully requests the Court enter an Order: (a) compelling the Debtor to turn over the Property; (b) compelling the Debtor to provide the Trustee and his professionals with access to the Property; and (c) granting such other and further relief as the Court deems just and proper.

Dated: December 23, 2019

LEIDERMAN SHELOMITH ALEXANDER + SOMODEVILLA, PLLC
Attorneys for Kenneth A. Welt
2699 Stirling Road, Suite C401
Ft. Lauderdale, Florida 33312
Telephone: (954) 920-5355
Facsimile: (954) 920-5371

By:_____/s/_____
ZACH B. SHELOMITH
Florida Bar No. 0122548
zbs@lsaslaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was served on December 23, 2019 to all parties on the list to receive e-mail notice/service for this case, via the Notice of Electronic Filing (incorporated herein by reference) and via U.S. Mail to Daniel Alberto Marin, 11205 W Atlantic Blvd # 102, Coral Springs, FL 33071, American Express National Bank, c/o Becket and Lee LLP, PO Box 3001, Malvern, PA 19355-0701 and Synchrony Bank, PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541.

                                                                                       By:_____/s/_____
                                                                                         Zach B. Shelomith